**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RONALD COLLINS,  )   3:13-cv-00255-RCJ-WGC
             )
    Plaintiff,   )   **ORDER**
             )
  vs.         )   re: Doc. # 34
             )
NDOC, et al.,     )
             )
    Defendants.  )
_____)

    Before the court is "Plaintiff's Motion for Order Ordering Defendants to Allow Plaintiff to Review and Make Copies of his Inmate Grievances in His Grievance File ." (Doc. # 34.)[1] Defendants have opposed the motion (Doc. # 40) and Plaintiff has replied (Doc. # 41).

**BACKGROUND**

    This motion seeks an order of the court allowing Plaintiff to "review and make copies of some of his inmate grievances located in his Inmate Grievance file located in the possession of the Defendants." (Doc. # 34.) Plaintiff does not specifically identify which grievances he refers to as "some of his inmate grievances." He does reference certain grievances in Exhibit A to his motion, some of which bear grievance identification numbers 20062966661 (*id.* at 4-14). However, others bear no grievance number (id at 15-18). Exhibit D refers to another collection of grievance documents under grievance number 2006629666728. Plaintiff claims he needs to review his grievance file because "Officer Baros took them." (Doc. # 34 at 2; *see* also Doc. # 41 at 1.) Plaintiff also alleges Defendant LeGrand had a policy of having officers "search and pack an inmates property without them being present so they can steal inmates legal pleadings against him and his officers." (Doc. # 41 at 1, 2.)

---

[1] Refers to court's docket number.

       Defendants opposed Plaintiff's motion. (Doc. # 40.) Defendants state Plaintiff should already have copies of each grievance filed at Northern Nevada Correctional Center (NNCC) "or any other institution." Defendants do not address Plaintiff's contention that Officer Baros "took" his copies of his grievances.

       Defendants further argue that according to NDOC Administrative Regulation (AR) 740.02(4), grievance records are "confidential" and "no inmate will have access to grievance records unless ordered by the court." (*Id*. at 2.) With regard to this confidentiality contention, it appears illogical to the court that an inmate who files a grievance cannot have access to the grievances he files himself–because they are "confidential." If an inmate is supposed to have a copy of the grievance, it makes no sense to deny that inmate access to his grievance file on grounds the file containing his grievances is confidential.

       The declaration of NNCC Associate Warden Walsh merely recites the provision of this Administrative Regulation and does not explain the rationale, if any, of precluding an inmate access to his grievance file on the grounds the grievance the inmate filed is confidential. (Doc. 40-1 at 3.) A more logical interpretation of AR 740.02(4) is that an inmate who was <u>not</u> the inmate who filed the grievance should not have access to another inmate's grievance file, absent an order of the court.

## DISCUSSION

       Defendants do not address a concern the court has that Plaintiff's motion is essentially a request for production which should be pursued during discovery (no scheduling order has yet been entered as Defendants have not yet answered Plaintiff's Complaint.  Local Rule 16-1(b)). Nor do Defendants raise an objection that they are not custodians of Plaintiff's records or grievances and that Plaintiff's request should not be directed to them.

       With regard to the timing of Plaintiff's motion/request, while Plaintiff's motion is technically premature, the court surmises this issue will eventually surface again should the court deny Plaintiff's motion as premature. Accordingly, the court will not deny the motion on that basis.

       The court concludes Plaintiff should be permitted access to his grievance file. While Plaintiff's grievances filed at NNCC are apparently available at that facility (Doc. # 40-1 at p.3, ¶ 14; p. 4, ¶ 18), his grievances filed at any other institution are lodged at the facility where he was incarcerated when the grievance was filed. (*id*.) However, Warden Walsh does not state how it would be burdensome on or

logistically difficult for NDOC to retrieve Plaintiff's grievance file from Lovelock Correctional Center (LCC) and allow Plaintiff to review it at NNCC. Unless Defendants within **ten (10) days** of the date of this Order can submit convincing evidence production of the inmate's LCC grievance file would be burdensome to Defendants, Plaintiff shall be afforded access to his LCC grievance files.

Still problematic to the court, however, is the scope of Plaintiff's request–the court is unclear by what is meant as to "some of his inmate grievance files." (Doc. # 34 at 1.) In that regard, Defendants' counsel is directed, within **ten (10) days** of the date of this Order, to meet and confer with Plaintiff regarding the scope of his (Plaintiff's) review of his LCC and/or NNCC grievance files.

Plaintiff's motion (Doc. # 34) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the terms and provisions of this Order.

**IT IS SO ORDERED.**

DATED: May 30, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE