UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD COLLINS, | ) | 3:13-cv-00255-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | August 26, 2014 |
| | ) | |
| E.K. MCDANIEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   Katie Lynn Ogden     REPORTER:        FTR

COUNSEL FOR PLAINTIFF:   Ronald Collins, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Paul Young, Esq.

**MINUTES OF PROCEEDINGS: Status Conference**

10:01 a.m.  Court convenes.

I.  **"Plaintiff's Objection to Defendant's Photocopied Grievance File, And Motion to Review Original Grievance File" (Doc. # 58)**

The court commences the proceedings by discussing the history of the pending motion. The court held a hearing on July 21, 2014, to address "Plaintiff's Objection to Defendant's Photocopied Grievance File, And Motion to Review Original Grievance File" (Doc. # 58). The outcome of the July 21st hearing resulted in the court directing Deputy Attorney General Paul Young to confirm with Lovelock Correctional Center ("LCC") that the pages from Mr. Collins's grievance file, which he contends are either missing or blurred (Doc. # 61, pg. 2) are in fact complete and no further documents are available. Mr. Young thereafter filed Defendants' Notice of Compliance (Doc. # 75). Plaintiff then filed objections (Doc. # 79) to Defendants' notice, to which Defendants then responded (Doc. # 85). The court notes Plaintiff's objections arose from his original filing, which is currently pending before the court (Doc. # 58).

Mr. Young advises the court that he did not resubmit any re-photocopied copies from the latest attempt to recopy Plaintiff's grievances; however, Mr. Young indicates he confirmed with Associate Warden Quentin Byrne at LLC that the grievance file produced to Mr. Collins is complete. Furthermore, Mr. Young represents that Associate Warden Byrne's declaration (Doc. # 85-1) states that the alleged blurred grievances have been re-photocopied but have

MINUTES OF PROCEEDINGS
3:13-cv-00255-RCJ-WGC
Date: August 26, 2014
Page 2

similar quality results as the original production of Plaintiff's entire grievance file.

Plaintiff continues to argue that the production of his grievance file is incomplete and certain images are blurred.  Plaintiff asserts that the incomplete or blurred copies of his grievances are related to the claims allowed to proceed in this matter.  Plaintiff contends that the blurred documents are a result of the Defendants intentionally obscuring certain grievances by selecting too high of a toner setting on the photocopy machine.  Plaintiff requests the court to enter an order directing the production of his original grievance file from LCC to the grievance coordinator at Warm Springs Correctional Center ("WSCC") for his personal inspection and, thereafter, to personally make copies of relevant grievances.

The court reviews the list of identified grievances that Plaintiff asserts are either missing or blurred (Doc. # 61, pg. 2).

Plaintiff argues and states he is making a formal objection of the court's decision to review his grievances identified as either missing or blurred during today's hearing.  Plaintiff contends that, during the July 21st hearing, the court reviewed and concurred certain images are blurred, which resulted in the court directing Defendants' counsel to ensure the grievances provided to Plaintiff are complete and no further documents are available.  Plaintiff states he does not believe this issue should be reargued.

The court acknowledges Plaintiff's objection and states Plaintiff shall file his formal objection if he deems it appropriate; however, at this time, the court proceeds to review the list of identified grievance that are at issue.  The court notes that the outcome the July 21st hearing did not result in the court making any specific findings or conclusions regarding specific grievances and the quality of those images.  The court refers to Doc. # 68 and reiterates its directive from the July 21st hearing.

The court next reviews Document 65-3, page 3, Inmate Grievance Report Issue ID # 20062929031 and agrees the image is somewhat illegible in the way it was copied.  The court is unaware, however, whether the original image or document is any more legible.

In attempt to eliminate any contention or confusion regarding Plaintiff's grievance file, the court directs Mr. Young to retrieve from LCC the specific grievances identified in Plaintiff's filing Doc. # 61, page 2.  Mr. Young shall then bates stamp the original grievances, make copies of those bate stamp originals and then produce the copies to Mr. Collins.  Mr. Collins shall thereafter be afforded the opportunity to compare and inspect the original (now) bates stamp grievances to the bates stamp copies in an appropriate designated area determined by WSCC, where Plaintiff Collins is now housed.  If Mr. Collins continues to assert specific bates stamp grievance copies are illegible, then he shall identify those specific bates stamp grievance(s).

MINUTES OF PROCEEDINGS
3:13-cv-00255-RCJ-WGC
Date: August 26, 2014
Page 3

Mr. Collins shall be afforded the opportunity to request WSCC to make copies of those identified original bates stamp grievances.  The court directs that Mr. Young file a notice of compliance with the court regarding this procedure and attach copies of the bates stamp grievances that are being provided to Mr. Collins.

The court notes "Plaintiff's Objection to Defendant's Photocopied Grievance File, And Motion to Review Original Grievance File" (Doc. # 58) and subsequent documents filed in relation to Plaintiff's objections (i.e. Doc. ## 61, 65, 75, 79 and 85) remain under the court's review at this time.

II.     **Amended Discovery Deadlines**

Plaintiff requests the discovery deadlines be extended.  Mr. Young requests the court to stay discovery in this matter.  The court finds good cause to extend the discovery deadlines, but will not stay discovery in view of the delay this case has already experienced because of the disputes regarding the production of Plaintiff's grievance file.  The following discovery deadlines are amended as follows:

Discovery Deadline:   Friday, November 28, 2014; and
Motion to Amend:      Friday, September 4, 2014 (current deadline).

Plaintiff is reminded that motions for leave to amend shall comply with LR 15-1 and any proposed amended complaint must be complete in and of itself.

III.    **"Plaintiff's First Motion to Compel Discovery and Challenge Objections" (Doc. # 64)**

The court schedules a hearing to address "Plaintiff's First Motion to Compel Discovery and Challenge Objections" (Doc. # 64) for **Friday, September 5, 2014, at 11:00 a.m.**

IV.     **"Plaintiffs Motion for A Order Ordering Defendants and NNCC Medical to Provide Plaintiff Access to his Medical File" (Doc. # 73)**

Plaintiff requests that he be afforded the opportunity to review his medical file.  The court discusses Defendants' response to Plaintiff's request (Doc. # 84) that Mr. Collins should properly kite to review his records at WSCC.

In view of Plaintiff's recent transfer to WSCC, the court finds it possible that the institution has not been able to arrange a date and time for Mr. Collins to review of his medical file.  Therefore, "Plaintiffs Motion for A Order Ordering Defendants and NNCC Medical to

MINUTES OF PROCEEDINGS
3:13-cv-00255-RCJ-WGC
Date: August 26, 2014
Page 4

Provide Plaintiff Access to his Medical File" (Doc. # 73) is **DENIED without prejudice**.  The court requests Mr. Young to contact the warden at WSCC and advise him that Mr. Collins has submitted a kite to review his medical file.

V.    Plaintiff's Notice of Change of Address

The court is advised "Plaintiff's Reply to Defendant's Opposition to Plaintiffs Motion to Compel Discovery and Challenge Objections (Docket #64)" (Doc. # 82, pg. 9) contains Mr. Collins's notice to the court of his address change from LCC to WSCC.  The courtroom deputy is directed to update the docket to reflect Mr. Collins's new address.

VI.   Written Objections to This Order

Parties may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

This order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

11:14 a.m.  Court adjourns.

LANCE S. WILSON, CLERK

By:  _____/s/_____
     Katie Lynn Ogden, Deputy Clerk