UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD COLLINS, | ) | 3:13-cv-00255-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | September 5, 2014 |
| | ) | |
| E.K. MCDANIEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    Katie Lynn Ogden         REPORTER:              FTR

COUNSEL FOR PLAINTIFF:   Ronald Collins, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Paul Young, Esq.

**MINUTES OF PROCEEDINGS: Motion Hearing**

11:00 a.m.  Court convenes.

The court conducts this discovery status conference to address "Plaintiff's First Motion to Compel Discovery and Challange (sic) Objections" (Doc. # 64), Defendants opposition (Doc. # 78) and Plaintiff's reply (Doc. # 82).

The court initially discusses the parameters regarding discovery in federal court §1983 actions.  First, the court advises the parties that relevancy is the initial question on discoverable materials.  Relevance has been broadly construed by the United States Supreme Court to encompass any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders* 437 U.S. 340, 341 (1978).

In addition to relevance, the court states a document must be non privileged.  In a civil rights case, brought under federal statutes, questions of privilege are resolved by federal law.  Therefore, the court explains it does not rely on a state's administrative code or regulation to assume a document is considered confidential.  *Kelly vs. San Jose* 114 F.R.D. 653, 656 (N.D. Cal. 1987).  A federal court does not ignore a state's privilege or confidentiality doctrine, but again, such a doctrine does not necessarily control the final determination of disclosure or discoverability in matters bought under federal statutes.

MINUTES OF PROCEEDINGS
3:13-cv-00-255-RCJ-WGC
Date: September 5, 2014
Page 2

The court next reviews what claims were allowed to proceed in this matter as this information is important while addressing the scope of discovery, i.e., relevance in the first instance. The court notes the screening order concluded Plaintiff's amended complaint states colorable claims for retaliatory destruction or loss of property under the First Amendment, and deliberate indifference under the Eighth Amendment related to conditions of confinement. (Doc. # 11 at 4-6.)

Given the parameters of discovery relative to this matter, the court returns to address the discovery disputes raised in "Plaintiff's First Motion to Compel Discovery and Challenge Objections" (Doc. # 64) and orders the following:

**Interrogatories as to Defendant Jethro Parks**

Order: Insofar as Plaintiff's motion to compel (Doc. # 64) is seeking defendant Parks to respond to the interrogatories, the request is **DENIED as moot**. Defendant Jethro Parks' Interrogatory responses were previously sent to Plaintiff on July 11, 2014.

**Request for Production No. 1:**

All medical kites submitted from 1-1-2010 to 1-330-13 (sic).

Order: This request is withdrawn by Plaintiff in light of his access to his medical file and is **DENIED as moot.**

**Request for Production No. 2**:

Any and all inmate grievances filed by Plaintiff between January 2007 through 2012 dealing with medical complaints.

Order: This request was resolved by the court on 8/26/2014, Minutes of Proceedings (Doc. # 89). The motion relative to this request is **DENIED as moot.**

**Request for Production No. 4:**

All reports, memorandums, to maintenance regarding the removal of the toilets that were located in the Unit 3A and B day rooms next to the showers.

Order: Objection **SUSTAINED**. Defendants' counsel represents the day room toilets were removed many years ago and no documentation regarding their removal could be located. Defendants are therefore not required to supplement their responses as to this request as no

MINUTES OF PROCEEDINGS
3:13-cv-00-255-RCJ-WGC
Date: September 5, 2014
Page 3

document exist which are responsive to this request.

**Request for Production No. 5:**

All policy's (sic) reports or memorandums instructions to staff that requires staff that require staff (sic) to open inmate's cell doors if they need to use the toilet.

Order:  Objection **OVERRULED**.  Defendants are instructed to supplement their responses as to this request within 10 (ten) days of today's hearing.  The court indicates this request extends to any directives, orders, memoranda or instructions provided to correctional officers that are specific to door call policies.  The court will entertain a motion for in camera review if any document is found responsive to Request No. 5 and if Defendants demonstrate that disclosure would present a safety and/or security threat to the institution.  However, in light of defendant LeGrand's reference to his review of the institution's "Door Call" policy in Inmate Grievance Report #20062935232 (Doc. # 64-2, pg. 13) the court does not find it likely the documents, if uncovered, are confidential. The "Door Call" policy referred to and relied on by Warden LeGrand should be produced and Defendants are directed within ten (10) days of this hearing to supplement their response to this request.

**Request for Production No. 6:**

Any disciplinary actions taken towards officers Ball, Parks and Baros while employed at LCC prisons.

Order:  Objection **OVERRULED**.  Defendants are instructed to supplement their responses regarding any disciplinary actions that arose out of the segregation unit as against these named Defendants.  Supplemental responses are due ten (10) days from today's hearing.  Again, the court will entertain a motion for in camera review if any document is found responsive to Request No. 6 and Defendants can establish that production of the materials presents a safety and/or security threat to the institution.

**Request for Production No. 8**

Provide a copy of the security disk (tape CD) of Defendant Parks searching Plaintiff's property in the 4A Unit day room on June 8, 2012.

Order:  Objection **SUSTAINED**.  Defendants' counsel represents no such video footage exists and Defendants are not required to supplement their responses as to this request.

MINUTES OF PROCEEDINGS
3:13-cv-00-255-RCJ-WGC
Date: September 5, 2014
Page 4

**Request for Production No. 9**

Provide a copy of the security disc (tape CD) of Defendant Parks searching Plaintiff's property for transfer on January 14, 2013, in the 4A unit day rooms.

Order:  Objection **SUSTAINED**.  No video exists, per Defendants' counsel.  Defendants are not required to supplement their responses as to this request.

**Request for Production No. 10**

Plaintiff was transferred to ESP prison from LCC prison on January 14, 2013.  Produce the report that states the reasons why Plaintiff was transferred.

Order:  Objection **SUSTAINED in part** and **OVERRULED in part**.  Doc. # 64-1, pg. 34-61 shall remain redacted as to inmate names only.  The remaining documents as to any explanation for Plaintiff's transfer shall be provided without redactions.  Supplemental responses are due ten (10) days from today's hearing.  Should the Defendants intend to assert that production would present a security threat as to this production request, Defendants shall file a notice with their supplemental responses.

**Request for Production No. 11**

Unit 4A has a property room that stores inmates property while they are in said unit produce a copy of the log book that shows all the officers that placed property belonging to Plaintiff in his property bin, and took property out of his property bin from February 2012 to Jan 2013 while he was in this Unit.

Order:  Objection **OVERRULED**.  Defendants are instructed to supplement their responses relative to inmate Collins and the time period requested.  Supplemental responses are due ten (10) days from today's hearing.  If Defendants are unable to find the receipt relative to this production request, they shall note this in the supplemental responses.

**Request for Production No. 12**

Music by mail was an approved vendor to sell Plaintiff at LCC prison compact discs (CDs) through the inmate store produce a copy of the catalogs from 2010 to 2012.

Order:  This request is withdrawn by Plaintiff and is **DENIED as moot**.

MINUTES OF PROCEEDINGS
3:13-cv-00-255-RCJ-WGC
Date: September 5, 2014
Page 5

**Request for Production No. 13**

Produce all policies reports memorandums to staff at LCC regarding packing inmates property for transfer in unit 4A without them being present for the inventory of said property.

Order:  Objection **SUSTAINED**.  Defendants' response to this request (Doc. # 64-1 at 27) stated Defendants produced a copy of LCC Operational Procedure 711 addressing "inmate Personal Property," which appears to be responsive to this request. However, Deputy Attorney General Young indicates he will inquire again as to this production request and will notify the court of the outcome in Defendants supplemental responses due ten (10) days from today's hearing.

**Request for Production No. 14**

Produce your investigations, reports, memorandums as to the reasons why you made the policy of door calls for 3A and B inmates.

Order:  Objection **OVERRULED**.  As with the Court's ruling on request for production # 5, Defendants are instructed to supplement their responses as to this request within 10 (ten) days of today's hearing.  The court indicates this request extends to any directives, orders, memos or instructions provided to correctional officers that are specific to door call policies.  The court will entertain a motion for in camera review if any document responsive to Request No. 14 presents a safety and/or security threat to the institution.  However, in light of defendant LeGrand's reference to a "Door Call" policy in Inmate Grievance Report #20062935232 (Doc. # 64-2, pg. 13), the court does not find it likely the documents, if uncovered, will be determined to be confidential.

**Request for Production No. 15**

Produce any and all memorandums to staff regarding opening doors in unit 3AB when it was not door call.

Order:  Objection **OVERRULED**.  The court incorporates its analysis to requests for production ## 5 and 14 above. Defendants are instructed to supplement their responses as to this request within 10 (ten) days of today's hearing.

**Request for Production No. 16**

Plaintiff in 2011 lived with an inmate in unit 3A cell 25 for which is a witness in

MINUTES OF PROCEEDINGS
3:13-cv-00-255-RCJ-WGC
Date: September 5, 2014
Page 6

  this case produce the inmate's full name and ID number.

 Order: Objection **OVERRULED**. Defendants are instructed to supplement their response to this production request within ten (10) days from today's hearing and provide the identity of Plaintiff's cellmate(s).

 **Request for Production No. 17**

  Defendant Parks testified during the July 3rd 2013 hearing on behalf of himself and Lovelock Prison in case #13 SC 8122 Lake Township Justice Court in the LCC Prison Court Room regarding Plaintiff's broke property produce a copy of these transcripts.

 Order: Objection **SUSTAINED**. Defendants are not obligated to procure copies of transcripts not in the possession of Defendants or Defendants' counsel. However, if Defendants' counsel or the Nevada Department of Corrections are in possession of the transcripts, they shall be produced to Plaintiff within ten (10) days of today's hearing.

 In conclusion, Plaintiff's Motion to Compel (Doc. # 64) is **GRANTED in part** and **DENIED in part** consistent with today's hearing.

 The parties are advised of their right to file objections:

 (1) Parties may file, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule IB 3-1 of the Local Rules of Practice, specific written objections to this Order within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Order" and should be accompanied by points and authorities for consideration by the District Court.

 (2) This order is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

**IT IS SO ORDERED.**

12:07 p.m. Court adjourns.

               LANCE S. WILSON, CLERK

               By: _____/s/_____
                 Katie Lynn Ogden, Deputy Clerk