UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| RONALD COLLINS,               )<br>                                               )<br>            Plaintiff,              )<br>                                               )<br>      vs.                                 )<br>                                               )<br>E.K. MCDANIEL et al.,         )<br>                                               )<br>            Defendants.         )<br>                                               ) | 3:13-cv-00255-RCJ-WGC<br><br>**ORDER** |

The Amended Complaint in this prisoner civil rights action alleges, *inter alia*, that one or more Defendants illegally retaliated against Plaintiff for filing prisoner grievances, in violation of his First Amendment right to petition the government for redress of grievances.  On August 26, 2014, the magistrate judge ordered counsel for Defendants to Bates stamp and deliver to Plaintiff his original grievance files in order to finally resolve ongoing litigation over the sufficiency of the photocopies of those files previously provided to Plaintiff.  Defendants have asked the Court to reverse the magistrate judge's order as "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a).  The Court has considered the Objection (ECF No. 92) and denies it without considering the Response (ECF No. 93).

First, Defendants argue that the grievance files are not required because Defendants have not filed and do not intend to file any motions based on a failure to exhaust administrative

remedies. But Defendants fail to note that Plaintiff alleges retaliation for having filed grievances. A request for the grievance file is reasonably calculated to discover information relevant to such a claim. There is likely information in the grievance files concerning the nature of the grievances, their timing, and other information. It was well within the magistrate judge's discretion to order Defendants to provide the original files to alleviate any lingering doubt about the omission of information in previous disclosures due to blurry photocopies.

Second, Defendants argue that altering the documents by placing Bates stamps on them will render them inadmissible as business records. However, the authority Defendants cite for this proposition notes that such alterations are unobjectionable if they do not obliterate the original entries in the documents and it is understood that the alterations will not be considered as evidence. *See United States v. J.C. Boespflug Const. Co.*, 325 F.2d 54, 62 (9th Cir. 1963). That is clearly the case here.

Third, Defendants argue that under Nevada Department of Corrections Administrative Regulation 740.02(1), prisoner grievance files may not leave the institution where the grievances are filed, and Plaintiff is now housed elsewhere. But subsection 740.02(4) states that "No inmate shall have access to grievance records unless ordered by a court . . . ." That section clearly contemplates the possibility of files being transferred to another prison upon court order in cases where a prisoner has been transferred since filing the relevant grievance. In any case, a court order contrary to state administrative regulations is not "contrary to law" for the purposes of Rule 72(a), which is concerned only with the magistrate judge's errors of federal law (or relevant state law in diversity cases). If a magistrate judge's order consistent with federal law merely conflicts with a state regulation in a federal-question case, rule 72(a) is not implicated. *See* U.S. Const. art. VI, cl. 2.

Finally, Defendants object to the burden of compliance on their staff. But the Court will not upset the magistrate judge's discretion in an area where there is no objectively correct result contrary to the magistrate judge's ruling.

## CONCLUSION

IT IS HEREBY ORDERED that the Objection (ECF No. 92) is DENIED.

IT IS SO ORDERED.

Dated this 15th day of October, 2014.

                                                        _____  
                                                                ROBERT C. JONES  
                                                             United States District Judge