# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD COLLINS, | ) | 3:13-cv-00255-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re: Doc. # 91 |
| NDOC, et al., | ) | |
| Defendants. | ) | |

Before the court is "Plaintiff's Second Motion to Compel Discovery and Challenge Defendant LeGrand's Objections and Evasive Responses to Plaintiff's Interrogatories." (Doc. # 91.)[1] Defendants have opposed Plaintiff's Motion. (Doc. # 94.) No reply memorandum was filed.

Plaintiff's motion sets forth several grounds as the basis for his motion to compel. The first is that Plaintiff states Defendant LeGrand waived his ability to object to Plaintiff's discovery as the responses were served "one week late." (Doc. # 91 at 1-2.) Plaintiff cites Fed. R. Civ. P. 33(b)(4) which states "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

Defendant did not address the timeliness issue of his objections contained in his answers to Plaintiff's Interrogatories. (Doc. # 94.) However, since the discovery responses were at most, one week late, this court finds good cause to excuse the delay. Under Fed. R. Civ. P. 33(b)(4), the court may excuse what appear to be untimely objections for "good cause." The court finds that a one week delay in providing Plaintiff the Defendant's discovery responses did not prejudice plaintiff and that good

---

[1] Refers to court's docket number.

causes exists to excuse the delay.

Even if the Defendant's objections were deemed to be untimely, the court notes that with the exception of Defendant's answer to Interrogatory No. 8, while Defendant did assert certain objections to Plaintiff's discovery, Defendant nevertheless responded to the discovery questions. (Doc. # 91 at 5-13.)

The one interrogatory where Defendant LeGrand relied on his objection is No. 8, which asked whether Officers Ball, Parks or Baros have had "any disciplinary actions taken toward them by you or any supervisor at LCC prison." (*Id*. at 9.) While the question could have been answered with a "yes" or "no" as to each of the officers, Defendant LeGrand declined to respond on the grounds employment records are "confidential." (*Id*.) The interrogatory did not ask for the production of "employment documents" as Defendant states, but rather whether disciplinary action was taken against any of the Defendants.

As the court has previously ruled in this case, Defendant's assertion of "confidentiality" based on state code or procedures is in and of itself not a sufficient grounds for refusing to produce materials. See, Order, Doc. # 109. To the extent the interrogatory would involve disclosure of information which may be considered "confidential," Defendant's objection – at least in the format Defendant has asserted it – is not recognized as a viable objection in the context of a Section 1983 lawsuit. *See, id.*

However, a precondition to any discovery is that the material sought must be relevant. Fed. R. Civ. P. 26(b)(1). *Dowall v. W.T. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. Aug. 17, 2011). The court does not perceive any relevance to a broad questions as to whether the officers *ever* had *any* disciplinary action taken against them by Defendant or by their supervisors. Een had Defendant answered the question that the named custodial officer did have an instance of disciplinary action, such information would not provide any admissible facts. Thus, Plaintiff's interrogatory is inappropriate and Defendant's objection is sustained, albeit on grounds other than that raised by the Defendant.[2]

---

[2] The court will not comment on Defendant's objection that the interrogatories "assume facts not admitted or in evidence" other than to note this objection is not recognized as a valid objection or a reason not to provide a response. At this stage of the litigation, there are no "facts admitted" into "evidence." Also if Defendant does not agree with the premise of an interrogatory (i.e., a "fact not admitted") the Defendant can state that in his response. Neither, however, is a legitimate basis to object to discovery.

2

The second aspect of Plaintiff's motion is that the answers were "evasive." Plaintiff did not review the specific answers which were supposedly evasive, nor did Plaintiff reply to Defendant's opposition which provided further responses to certain of Plaintiff's interrogatories. Without knowing why Plaintiff contends a response was supposedly evasive, the court cannot evaluate Plaintiff's argument. Nonetheless, in reviewing Defendant's responses, the court does not find them to be evasive in any event.

Plaintiff's motion to compel (Doc. # 91) is therefore **DENIED.**

**IT IS SO ORDERED.**

DATED: October 31, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE