UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD COLLINS, | ) | 3:13-cv-00255-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **re: Doc. ## 116, 123, 129, 133** |
| NDOC, et al., | ) | |
| Defendants. | ) | |

Before the court are a series of filings (Docs. ## 116, 123, 129 and 133)[1] which arose relative to this court's hearing on Plaintiff's objections to Plaintiff's grievances which were produced by Defendants. See, Doc. # 89, Minute of Proceedings, August 26, 2014.

Historically, Plaintiff Collins had contended certain pages of his grievance files were either missing or blurred. (Doc. # 58.) Plaintiff was directed to more specifically identify the relevant grievances. (Doc. # 60.) Plaintiff responded to the court's order in his Notice of Compliance. (Doc. # 61.) Defendants also responded by filing their opposition to Plaintiff's Notice of Compliance and submitted the grievances in question (Doc. # 65), to which Plaintiff objected. (Doc. # 66.)

The court conducted a hearing on, among other issues, Plaintiff's objections to the photocopied grievance files. (Doc. # 58.) After hearing presentations of the parties, the court directed Defendants' counsel to contact Lovelock Correctional Center and verify the legibility and completeness of Plaintiff's relevant grievances. (Doc. # 68.) Defendants filed a Notice of Compliance (Doc. # 75). Plaintiff objected to the Notice (Doc. # 79) and Defendants responded (Doc. # 85).

---

[1] Refers to court's docket number.

The court conducted another hearing on the grievance issue. Defendants' counsel represented that, according to LCC's Associate Warden, the grievances provided Plaintiff were complete. Those grievances which were blurred were compared to the originals on file and were determined to be the best copies available. Plaintiff objected and argued the grievances, or at least portions of the grievances, were still incomplete or illegible.

In an effort to resolve this discovery dispute, the court directed Defendants to undertake another attempt to secure full, complete and legible copies of the relevant grievances:

> In attempt to eliminate any contention or confusion regarding Plaintiff's grievance file, the court directs Mr. Young to retrieve from LCC the specific grievances identified in Plaintiff's filing Doc. # 61, page 2. Mr. Young shall then bates stamp the original grievances, make copies of those bate stamp originals and then produce the copies to Mr. Collins. Mr. Collins shall thereafter be afforded the opportunity to compare and inspect the original (now) bates stamp grievances to the bates stamp copies in an appropriate designated area determined by WSCC, where Plaintiff Collins is now housed. If Mr. Collins continues to assert specific bates stamp grievance copies are illegible, then he shall identify those specific bates stamp grievance(s). Mr. Collins shall be afforded the opportunity to request WSCC to make copies of those identified original bates stamp grievances. The court directs that Mr. Young file a notice of compliance with the court regarding this procedure and attach copies of the bates stamp grievances that are being provided to Mr. Collins.

(Doc. # 89 at 2-3.)[2]

Thereafter on October 30, 2014, Defendants filed a Notice of Compliance with the court's order. (Doc. # 116.) Defendants represented their counsel personally met with Plaintiff to allow Plaintiff to compare the original grievances with the copies. (*Id*.) Plaintiff objected to Defendants' Notice, contending again the grievances were either incomplete or illegible. (Doc. # 123.) Defendants responded to Plaintiff's objection. (Doc. # 129.) Defendants submitted a Declaration of Lovelock Correctional Center's Associate Warden, Tara Carpenter, regarding Plaintiff's grievances. With regard to Plaintiff's "blurriness" contention, Ms. Carpenter stated that the quality of the printing "is not in the printing, or maintenance of the grievance, but in the NOTIS data base itself during the transcription of the grievance into NOTIS. (Doc. # 129-1 at 3.) Ms,. Carpenter also produced a "clear copy" of Plaintiff's grievance a about LCC's "Door Call Policy." (*Id.* Doc. # 129-1 at 5-22; Doc. # 129-2.)

Plaintiff replied in Doc. # 133. As best as the court can interpret Plaintiff's argument, he confirms

---

[2] The Defendants objected to this court's order regarding clarification of the grievances. (Doc. # 92.) Defendants' objection was overruled by District Judge Robert C. Jones. (Doc. # 110.)

he has been provided clear or legible copies of the grievances; however, he argues these copies should have been produced earlier and the earlier productions were incomplete. Plaintiff states, "this court must investigate into defendants actions regarding plaintiff's inmate grievances and his objections." Plaintiff also wants the court to "hold a form of hearing and order Defendants to turn over Plaintiff's Inmate grievance file to the court in its complete original folder." (Doc. # 133 at 3-4.)

## DISCUSSION

The issue of Plaintiff's grievance file has been exhaustively reviewed by the court. See Doc. ## 68, 89. While there may have been certain irregularities or inconsistencies with regard to the production of Plaintiff's grievances, the court is satisfied that the productions are now as complete and accurate as possible. The court does not view the grievances, or the copies of the grievances, as substantively impacting the Plaintiff's civil rights claims.

The court does not believe it appropriate to receive the original grievance file during this phase of the litigation. If the case proceeds to trial, Plaintiff can argue at that time that the original grievance file should be produced by Defendants or make other arrangements to secure its availability, e.g., a subpoena duces tecum.

This discovery issue is concluded. Any "grievance" issues remaining by reason of this court's prior hearings (Doc. ## 68, 89) are deemed **MOOT.** Plaintiff's Objection (Doc. # 123) to Defendants' Notice of Compliance (Doc. # 116) is **OVERRULED.**

**IT IS SO ORDERED.**

DATED: December 30, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE