UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD COLLINS, | ) | 3:13-cv-00255-RCJ-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re: Doc. # 34 |
| NDOC, et al., | ) | |
| Defendants. | ) | |

Before the court are: (1) Defendants' Motion for Leave to File Exhibits A, C, E, F and G Under Seal in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment on Count Three (Doc. # 136, with the proposed under seal submission at Doc. # 137); and (2) Plaintiff's Request of Court to Issue an Order Ordering the Clerk of the Court to Provide Plaintiff with Doc. # 137 (Doc. # 144).[1]

In their motion (Doc. # 136), Defendants seek leave of court to file exhibits containing Lovelock Correctional Center (LCC) Post Orders under seal. They contend that the documents give details regarding "how LCC conducts cell searches, inmate movement, exercise yard, showers, inmate cell cleaning, inmate counts, feeding, pill call, conduct for unit door calls, what the control room officer is responsible for, how the control room officer shall respond to inmate call buttons, cell searches, cell compliance, inmate movement, door calls, and personal hygiene supply." (*Id*. at 2.) They claim there is little need for public disclosure of this information, but there is a significant interest in preserving the confidentiality of this sensitive information. (*Id*.) Finally, they assert that copies of these exhibits will be sent to Plaintiff's institution and will be made available for Plaintiff to view upon request. (*Id*. at 3.)

Plaintiff did not file an opposition to the motion for leave to file these exhibits under seal.

---

[1] Refers to court's docket number.

Instead, he filed a motion indicating that he never received Doc. # 137, and asks that the court order that he be sent a copy of the under seal submission. (Doc. # 144.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025(9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. See *Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, must meet the "compelling reasons" standard outlined in *Kamakana*. Additionally, a motion to seal the entire record is governed by the "compelling reasons" standard. *Oliner*, 745 F.3d at 1026. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court has reviewed the post-orders Defendants seek to file under seal, and while some of the

information that is not redacted does not appear particularly sensitive, the documents do contain other information which details security processes within the prison, and the court finds that this provides a compelling reason for not exposing the documents to the public. For the same reason, the court agrees with Defendants that Plaintiff should not be able to possess these documents in his cell. Instead, he should send a request to the warden's office to review the documents.

Accordingly, Defendants' motion for leave to file Exhibits A, C, E, F, and G under seal (Doc. # 136) is **GRANTED**, and Plaintiff's motion requesting a copy of the under seal submission (Doc. # 144) is **DENIED**. As the court indicated, Plaintiff may send a request to the warden's office to review the documents contained within Doc. # 137.

**IT IS SO ORDERED.**

DATED:  January 9, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE