# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD COLLINS,<br><br>    Plaintiff,<br><br>vs.<br><br>NDOC, et al.,<br><br>    Defendants. | 3:13-cv-00255-RCJ-WGC<br><br>**ORDER**<br><br>**re: Doc. # 164** |

Before the court is Plaintiff's "Objection to Declaration of Defendant Robert Legrand Pursuant to Court Order Doc. # 142, Docket # 161 and Plaintiffs Motion to Strike Documents." (Doc. # 164).[1]

As the numerous filings preceding this order reflect, this case revolves around, in large part, what procedures or policies were in effect at Lovelock Correctional Center (LCC) with respect to inmate access to rest-room facilities, i.e., the "Door Call Policy." Plaintiff correctly notes this Court directed Defendant LeGrand to produce LCC's "Door Call Policy" (or policies), "Post Orders" and "Operational Procedures" relating to the institution's door call policy. The Court ordered as follows:

> Defendants' production of multiple Operational Procedures and Post Orders beyond those reviewed by the court in camera has left this court confused as to which exactly governed Lovelock Correctional Center's "Door Call" Policy, if any, when the events referred to in Plaintiff's Complaint occurred. (2010; Doc. # 11 at 5.) Therefore, within twenty (20) days Defendant LeGrand shall submit a Declaration clarifying his discovery responses with regard to LCC's Door Call Policy which was in effect in 2010 and, if different, the Door Call Policy in effect when Defendant LeGrand responded to Plaintiff's grievance (Doc. # 64-2 at 13). Defendant LeGrand shall further identify any LCC Operational Procedure or Post Orders upon which the policy or policies were based and explain the correlation of the Post Orders or Operational Procedures to the LCC Door Call policy.

---

[1] Refers to court's docket number.

1  Any Post Order or Operational Procedure to which reference is made shall also be submitted in pertinent part with Warden LeGrand's Declaration. If necessary, the document shall be filed under seal, but if so, Plaintiff shall promptly be notified of when he may inspect such documents in a secure setting at the correctional facility where he is incarcerated.

Doc. # 142 at 5:2-14.)

Plaintiff's Objection challenges the validity or accuracy of the documents produced by Warden LeGrand. (Doc. # 164.) Plaintiff states that these filings (Doc. #161) have "[left] Plaintiff to believe they were made up after the filing of his complaint." Plaintiff also argues the materials submitted by Warden LeGrand contradict his discovery responses. As a result, in addition to objecting to Warden LeGrand's responses, Plaintiff requests they should be "stricken from use." (Doc. # 164 at 2.)

The court perceives that the documents which have been submitted by Warden LeGrand, on the one hand, could be interpreted as satisfactorily explaining the court's concerns and questions regarding LCC's door call policies. On the other hand, they could conceivably be characterized (as has Plaintiff) as contradicting other grievance and discovery responses in this case.

The court takes note of Plaintiff's objections to Warden LeGrand's Declaration and the material he has submitted to the court pursuant to its order. (Doc. # 161.) However, the court perceives Plaintiff's contentions and arguments as being more suited to trial arguments and do not provide appropriate grounds for being "stricken from use."

The issue at this stage of the case is not whether the facts and opinions in Warden LeGrand's Declaration or any of the documents which accompany the Declaration are *admissible* in evidence. Rather, the court's order and Defendant LeGrand's response are components of discovery, where the definition of relevance is more broadly construed. Fed. R. Civ. P. 26 (b)(1): "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." If this case proceeds to trial, Plaintiff can attempt to point out any alleged contradictions or discrepancies among the LeGrand materials which might be utilized by the parties.

Plaintiff's objection/motion to strike (Doc. # 164) is **DENIED.**

**IT IS SO ORDERED.**

DATED: February 10, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE