# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RONALD COLLINS,

    Plaintiff,

vs.

E.K. MCDANIEL et al.,

    Defendants.

3:13-cv-00255-RCJ-WGC

**ORDER**

This case is a prisoner civil rights action involving claims of retaliation, deliberate indifference, and access to the courts. Pending before the Court are two Motions to Reconsider—one by Defendants (ECF No. 198) and one by Plaintiff (ECF No. 202). For the reasons given herein, the Court denies the motions.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Ronald Collins made various claims against Defendants who are the warden and multiple officers at the Lovelock Correctional Center. On screening, Plaintiff was allowed to proceed with the following claims: (1) retaliation claim in Count II against Defendants Jonathan Ball, Jethro Parks, Joseph Baros, and Robert LeGrand; (2) Eighth Amendment claim against LeGrand in Count III; and (3) retaliation and access to the courts claims against Baros and LeGrand in Count IV.

On March 13, 2015, Defendants filed a motion for summary judgment as to the remaining claims. (ECF No. 172). On November 2, 2015, the magistrate judge issued a report and recommendation that the Court grant the motion as to some of the claims and deny the motion as to the others. (ECF No. 189). Plaintiff and Defendants filed objections to the report and recommendation. (ECF Nos. 191, 193). After a de novo review of the case and considering the objections, the Court issued an order adopting and accepting the magistrate judge's report and recommendation. (ECF No. 196). Defendants now ask the Court to reconsider its order as to the retaliation claims in Count II and the access to the courts claim in Count IV. Plaintiff asks the Court to reconsider its order as to his retaliation claim in Count IV.

## II.   LEGAL STANDARDS

Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). A motion to reconsider "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III.   ANALYSIS

Defendants ask the Court to reconsider its order because the magistrate judge failed to adequately address several of their arguments in their objections to the report and

recommendation. Specifically, they dispute the analysis regarding the retaliation claims in Count II and the access to the courts claim in Count IV. They argue the Court should reverse the order to avoid clear error and manifest injustice.

### A. Retaliation Claims in Count II

Defendants argue the Court failed to address several of their arguments regarding damages related to Plaintiff's retaliation claim involving his stereo, CDs, and boots. In their objection to the report, Defendants argued Plaintiff would receive a double recovery if he wins on the claim because he received compensatory damages in another court and could receive compensatory damages again for the same claim in this Court. The magistrate judge's report and recommendation clearly addressed this argument by stating that "Defendants' argument ignores the fact that what Plaintiff is proceeding with here is a claim for *retaliation* and not a claim for *property damage*." (R. & R., 10, ECF No. 189) (emphasis in original). In other words, whether or not Plaintiff can recover the value of his property as compensatory damages in this case, he can attempt to recover other damages available under a First Amendment retaliation claim. In § 1983 actions, a victim of a constitutional deprivation "is entitled to compensation for economic harm, pain and suffering, and mental and emotional distress that results from the violations." *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988). Punitive damages are also available. *Castro v. Cty. of Los Angeles*, 797 F.3d 654, 669–70 (9th Cir.) (citing *Smith v. Wade*, 461 U.S. 30 (1983)). Thus, there is no threat of double recovery as to all damages potentially available with the claim.

Defendants also argue the doctrine of res judicata should have barred Plaintiff's claim. As the magistrate judge noted, however, Plaintiff is claiming retaliation under federal law; a claim different from a simple claim of property damage he appears to have made in another case.

Defendants argue further that Plaintiff's claim should fail because damages for mental and emotional distress are not available in this case. Their argument is irrelevant. Plaintiff asks the Court only for compensatory and punitive damages. (Am. Compl., 25, ECF No. 14). Finally, Defendants argue that the holding in *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008), which limits punitive damages in the maritime law context, should apply to § 1983 claims, but they offer no basis for extending the holding to this context. The Court did not commit clear error in approving the magistrate judge's report and recommendation as to this claim. The motion for reconsideration is denied as to Plaintiff's claims of retaliation in Count II.

### B. Access to the Courts Claim in Count IV

Defendants argue the Court committed error by not determining whether Plaintiff alleged an actual injury as part of his access to the courts claim. Defendants point out that the magistrate judge wrongly concluded that "[i]n screening Plaintiff's amended complaint, the court already determined that Plaintiff stated a plausible claim for violation of his First Amendment right of access to the courts." (R. & R., 30). In fact, in the screening order, the Court concluded it "need not tarry at this juncture over whether plaintiff alleges sufficient actual injury to a protected interest to state a claim upon which relief may be granted under the First Amendment for interference with access to the courts." (Screening Order, 6, ECF No. 11). Still, the Court finds it did not commit clear error by approving the magistrate judge's report and recommendation.

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to nonfrivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Casey*, 518 U.S. at 353 n. 3, 354–55; *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1159–60 (9th Cir. 2003). The right of access to the courts is only a right to bring complaints to

the federal court and not a right to discovery or to effective litigation once a complaint is filed. *Casey*, 518 U.S. at 354–55. To establish a violation of the right of access to the courts, a prisoner must show that he has suffered an actual injury. *Id.* at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotations omitted).

Here, Plaintiff alleges that Defendant Baros disposed of legal papers and exhibits pertaining to Plaintiff's case against NDOC concerning the Music by Mail program, and that he "missed his time line to file his claim seeking an injuctive [sic] order over his 12 compact double discs that were sold to him as one CD and being counted as two by NDOC administration." (Am. Compl. ¶ 6, at 20). Defendants argue Plaintiff's statement is only a bare allegation that pleads insufficient facts. However, Plaintiff specifically alleges that Defendant Baros took action preventing him from meeting a filing deadline in an ongoing case.

Defendant argues that the case to which Plaintiff refers is a small claims action in state court. The Court agrees with the magistrate judge that the allegations do not necessarily refer to that case. It is unclear from the pleadings to which case Plaintiff refers or whether it is a § 1983 action, and Defendants have not shown it is not the type of case to which claims of the right of access to the courts are limited. Thus, Defendants have not shown Plaintiff cannot establish he suffered actual injury as an element of the claim. The Court did not commit clear error in denying Defendants' motion for summary judgment as to Plaintiff's access to the courts claim in Count IV.

### C.     Retaliation Claim in Count IV

Plaintiff urges the Court to reconsider its decision to grant summary judgment in favor of Defendant Baros as to Plaintiff's retaliation claim in Count IV. He argues the magistrate judge

misunderstood the evidence related to the claim. The Court finds no basis to reconsider its order as to this claim.

In summary, the Court declines to reconsider its order addressing Defendants' motion for summary judgment. Neither Defendants nor Plaintiff have presented new evidence, demonstrated clear error, or identified an intervening change in the controlling law.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Reconsider (ECF Nos. 198, 202) are DENIED.

IT IS SO ORDERED.

Dated this 10th day of March, 2016.

_____
ROBERT C. JONES
United States District Judge