UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| RONALD COLLINS,<br><br>          Plaintiff,<br><br>    vs.<br><br>NDOC et al.,<br><br>          Defendants. | 3:13-cv-00255-RCJ-WGC<br><br>**ORDER** |

This case is a prisoner civil rights action involving claims of retaliation, deliberate indifference, and access to the courts. Pending before the Court are numerous motions (ECF Nos. 210, 215, 216, 217, 221, 227, 230).

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff Ronald Collins made various claims against Defendants who are the warden and multiple officers at the Lovelock Correctional Center. On screening, Plaintiff was allowed to proceed with the following claims: (1) retaliation claim in Count II against Defendants Jonathan Ball, Jethro Parks, Joseph Baros, and Robert LeGrand; (2) Eighth Amendment claim against LeGrand in Count III; and (3) retaliation and access to the courts claims against Baros and LeGrand in Count IV.

On March 13, 2015, Defendants filed a motion for summary judgment as to the remaining claims. (ECF No. 172). On November 2, 2015, the magistrate judge issued a report and recommendation that the Court grant the motion as to some of the claims and deny the motion as to the others. (ECF No. 189). Plaintiff and Defendants filed objections to the report and recommendation. (ECF Nos. 191, 193). After a de novo review of the case and considering the objections, the Court issued an order adopting and accepting the magistrate judge's report and recommendation. (ECF No. 196). Plaintiff and Defendants asked the Court to reconsider certain aspects of the order, and the Court denied their motions to reconsider. (ECF No. 214).

## II.  MOTION FOR CLARIFICATION

Defendants ask the Court to clarify certain portions of its order denying the parties' motions to reconsider (ECF No. 215). First, Defendants ask the Court to clarify which types of damages are available for Plaintiff's retaliation claims in Count II. In addressing Defendants' objections, the Court's prior order found that damages other than compensatory damages are available for a retaliation claim and that Plaintiff appears to be asking only for compensatory and punitive damages. In the order, the Court addressed the parties' arguments regarding damages in the context of Defendants' objections; it did not make a final ruling on which damages are available. As the case unfolds, the parties will need to argue which damages are available if Plaintiff prevails on his claims. The Court will not make a determination on this issue until the parties have an opportunity to research it and argue it.

Second, Defendants ask for clarification about portions of the Court's order regarding Plaintiff's access to the courts claim in Count IV. Defendants' first question addresses a portion of the Court's order that the Court does not view as vague or ambiguous. Defendants' second question is not clear to the Court. Defendants appear to ask the Court to engage in a hypothetical

or to interpret a possible application of the Court's order. In its prior order, the Court held that Plaintiff alleged sufficient facts to state a claim of access to the courts by alleging that Defendant Baros's actions prevented Plaintiff from meeting a filing deadline in a pending case. Nothing about the Court's order is vague or ambiguous. The Court denies the motion for clarification.

### III.     MOTIONS TO STAY

The parties have filed three separate motions to stay the case (ECF Nos. 210, 216, 230). The first two motions are moot. In the third motion, Plaintiff asks the Court to stay the case because he will undergo surgery and need several months to recover. He asks the Court to stay the case until he files a motion to lift the stay, not to exceed 120 days. Defendants do not oppose the motion but suggest that 90 days would be more reasonable.

The Court grants the motion, but it will not order a stay for an indefinite period. Instead, the Court orders that the case be stayed for 90 days, and if Plaintiff needs more time to recover from his surgery, then he can move for an additional stay.

### IV.     MOTION TO STRIKE

Defendants move the Court to strike a trial brief filed by Plaintiff on March 17, 2016 (ECF No. 221).

#### A.     Legal Standards

Under Rule 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quotation omitted). "Whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* Although Rule 12(f) applies specifically to matters within

pleadings, a district court may also strike other impertinent or impermissible filings. *See, e.g.*, *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943–44 (9th Cir. 2006) (district court did not abuse its discretion in striking extra-record documents when the documents were offered for an impermissible use).

  **B.**  **Analysis**

  Local Rule 16-3(b) requires a pro se plaintiff to initiate discussion about settlement and the preparation and filing of a proposed joint pretrial order. Plaintiff filed a trial brief that largely contains the same information required in a joint pretrial order. Plaintiff states that he is willing to withdraw his trial brief if the parties can agree on a proposed joint pretrial order. The Court grants the motion to strike Plaintiff's trial brief and orders the parties to file a joint pretrial order within thirty days of the lifting of the stay.

**V.**  **MOTION FOR DEFENDANTS' APPEARANCE AT TRIAL**

  Plaintiff moves the Court to order Defendants to appear at trial as witnesses because Plaintiff does not have funds to pay the fees and mileage required under Federal Rule of Civil Procedure 45(b). Because the Court is granting the motion to stay, the Court denies this motion as premature. The Court will consider it after the stay, if necessary.

**VI.**  **MOTION FOR NEW TRIAL DATE**

  Plaintiff moves the Court to issue a new trial date. The previous trial date—April 18, 2016—was vacated by the Magistrate Judge. (*See* ECF No. 206). The Court grants the motion and sets the trial date for 8:30 A.M. Monday, February 27, 2017; and Calendar Call is set for 10:00 A.M., Tuesday, February 21, 2017, in Reno Courtroom 6, before Judge Robert C. Jones.

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Stay (ECF Nos. 210, 216) are DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Clarification (ECF No. 215) is DENIED.

IT IS FURTHER ORDERED that the Motion to Issue a New Trial Date (ECF No. 217) is GRANTED. Trial shall be set for 8:30 A.M. Monday, February 27, 2017; and Calendar Call is set for 10:00 A.M., Tuesday, February 21, 2017, in Reno Courtroom 6, before Judge Robert C. Jones.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 221) is GRANTED. The parties shall file a joint pretrial order within 30 days of the lifting of the stay.

IT IS FURTHER ORDERED that the Motion for Defendants' Appearance at Trial (ECF No. 227) is DENIED as premature.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 230) is GRANTED. The case shall be stayed for a period of 90 days from the date of this order.

IT IS SO ORDERED.

Dated this 23rd day of August, 2016.

_____
ROBERT C. JONES
United States District Judge